UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACQUELINE D. PATTERSON

    Plaintiff,

v.                         Case No: 2:13-cv-424-FtM-29DNF

HOPE HOSPICE,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Defendant's Motion to Dismiss (Doc. #14) filed on August 30, 2013. Plaintiff filed a Response to Defendant's Motion to Dismiss (Doc. #23) on October 3, 2013. For the reasons set forth below, the motion is granted in part.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading must give the defendant fair notice of what the plaintiff claims and the grounds upon which they rest. Conley v. Gibson, 355 U.S. 41, 47 (1957). The plaintiff must also allege claims in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. Fed. R. Civ. P. 10.

In order to satisfy the pleading requirements of Fed. R. Civ. P. 8, the complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

## II.

Plaintiff Jacqueline Patterson filed a three count complaint against defendant Hope Hospice on June 10, 2013. The Complaint was filed without the assistance of counsel and appears to allege racial discrimination, age discrimination, national origin discrimination, and retaliation under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. (Doc. #1, ¶¶ 5-6.) Plaintiff also seeks declaratory and injunctive relief, damages for "intentional misrepresentation and intentional infliction of emotional distress," and compensatory and punitive damages from against the "agency" and the "individual defendant." (Id. ¶¶ 7-9.)

Defendant asserts that the Complaint is inadequately pled, the claims are time barred, and certain claims exceed the scope of the charge filed with the EEOC. A review of the Complaint reveals that

it is filled with pleading deficiencies.  Plaintiff has failed to identify the asserted claims with sufficient clarity and has offered little more than broad and conclusory allegations in support thereof.  The Complaint also seeks relief from the "agency" and the "individual defendant," but only names one defendant, Hope Hospice.  The confusing nature of the Complaint is further exacerbated by the manner in which the paragraphs are numbered. For example, paragraph 15 is followed by paragraphs 13.1 – 13.7 and paragraph 16 is followed by paragraphs 13.10 – 13.17.  Because the Complaint fails to set forth the claims in a legible manner and does not adequately inform defendant of the claims against it, the Complaint will be dismissed.  Due to the pleading deficiencies, the Court will not address defendant's argument that certain claims exceed the scope of the charge filed with the EEOC at this time.

Defendant contends that the Complaint should be dismissed with prejudice because plaintiff failed to initiate this action within 90 days of receiving her right-to-sue letter from the EEOC.  Under Title VII, a plaintiff must bring suit within 90 days of receiving a right-to-sue letter from the EEOC.  42 U.S.C. § 2000e-5(f)(1). Dismissal is appropriate when the plaintiff fails to file her lawsuit within 90 days of receiving a right-to-sue letter, unless she shows that the delay was through no fault of her own.  <u>Bryant v. U.S. Steele Corp.</u>, 428 F. App'x 895, 897 (11th Cir. 2011) (citing <u>Zillyette v. Capital One Fin. Corp.</u>, 179 F.3d 1337, 1339-41 (11th Cir. 1999)).  Once the defendant contests the issue, the

plaintiff bears the burden of establishing that the lawsuit was timely filed. Green v. Union Foundry Co., 281 F.3d 1229, 1234 (11th Cir. 2002).

In the Eleventh Circuit, "the 90-day limitations period is to be analyzed 'on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case, one that would requires plaintiffs to assume some minimum responsibility . . . without conditioning a claimant's right to sue . . . on fortuitous circumstances or events beyond [her] control.'" Kerr v. McDonald's Corp., 427 F.3d 947, 952 (11th Cir. 2005) (quoting Zillyette, 179 F.3d at 1340.

Defendant asserts that the right-to-sue letter was mailed to plaintiff and her counsel on February 21, 2013, but the case was not filed until June 10, 2013, 109 days later. Plaintiff attached her right-to-sue letter to the Complaint and included documentation showing that it was originally sent to the wrong address. (Doc. #1-1, pp. 3-4.) It is unclear as to the date plaintiff actually received her right-to-sue letter, but the evidence indicates that she received the letter on or after March 14, 2013, 88 days before the lawsuit was filed. (Id.) Based on this date, the lawsuit was timely.

Defendant, however, contends that receipt of the letter on March 14, 2013, is not binding because the letter was also sent to plaintiff's counsel. In response to this assertion, plaintiff provided the Court with a copy of a letter submitted to the EEOC

4

prior the issuance of the right-to-sue letter. The letter states that the attorney representing plaintiff at the time she filed her charge with the EEOC was no longer practicing law in Florida and that all correspondences should be sent directly to her. (Doc. #22, p. 6.) Thus, defendant's argument is without merit. Under the circumstances, the Court finds that plaintiff has met her burden is establishing the timeliness of this action.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #14) is **GRANTED IN PART** and the Complaint is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of February, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record