UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACQUELINE D. PATTERSON,

       Plaintiff,

v.                              Case No: 2:13-cv-424-FtM-29DNF

HOPE HOSPICE AND COMMUNITY
SERVICES, INC.,

       Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #31) filed on March 31, 2014.  No response has been filed and the time for doing so has expired.  For the reasons set forth below, the motion is granted.

### I.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555.  See also Edwards v.

Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."  Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.

## II.

Plaintiff Jacqueline Patterson, an African American, filed a two-count First Amended Complaint against defendant Hope Hospice on March 10, 2014, alleging unlawful racial discrimination in

violation of Title VII of the Civil Rights Act of 1964 (Title VII) and the Florida Civil Rights Act (FCRA) (Count I), and retaliation in violation of Title VII (Count II). In support thereof, plaintiff alleges as follows:

Plaintiff was hired by defendant as a Dining Service Associate at the Fort Myers hospice facility in April 2010. Sandie Latsch, another employee at Hope Hospice, frequently expressed her animus towards African Americans and used racial inequality stereotypes to embarrass and humiliate African American employees. Latsch obsessively scrutinized plaintiff's work and reported the work that she felt was inadequate while ignoring the work of Caucasian employees. Latsch also advised plaintiff that she had authority from Albert Goodlad, a supervisor, to permit plaintiff to leave work early if all of her work was completed. After plaintiff left, Latsch informed Goodlad that plaintiff left without permission. Similar actions and events occurred over a period of time.

Plaintiff informed Goodlad of these problems on several occasions. Goodlad informed his manager, Daniel McNeil, that Latsch falsely reported that plaintiff left without permission, and, after reviewing the allegations, McNeil and Goodlad advised plaintiff that they did not believe that Latsch was a racist.

Plaintiff filed an employment discrimination complaint with the Equal Employment Opportunity Commission (EEOC) on April 26, 2011. After filing the complaint, plaintiff requested to use her

vacation time, but defendant, after learning of the complaint, denied the request.  On August 22, 2011, plaintiff was given a poor performance evaluation after meeting with Goodlad and McNeil. Plaintiff filed an amended complaint on August 30, 2011, alleging that defendant retaliated against her by refusing her request for vacation time and issuing a poor performance review.  Plaintiff alleges that Latsch and Goodlad conspired to create an environment so hostile that plaintiff would resign.

III.

Defendant asserts that the First Amended Complaint should be dismissed because plaintiff has failed to exhaust her administrative remedies and has failed to state claim upon which relief may be granted.

**A.   Exhaustion**

Title VII makes it is unlawful for an employer "to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Before filing a Title VII action, a plaintiff must exhaust her administrative remedies by filing a charge with the EEOC.  Green v. Elixir Indus., Inc., 152 F. App'x 838, 840 (11th Cir. 2005). "The purpose of this exhaustion requirement is that the [EEOC] should have the first opportunity to investigate the alleged

4

discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004) (internal quotation marks and citations omitted). It follows that a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Gregory, 355 F.3d at 1280 (citing Alexander v. Fulton Cnty. Ga., 207 F.3d 1303, 1332 (11th Cir. 2000)). Judicial claims that "amplify, clarify, or more clearly focus" the allegations in the EEOC charge are permitted, but the plaintiff cannot allege new acts of discrimination. Id. at 1279-80. Nonetheless, the Eleventh Circuit has noted that the scope of an EEOC charge should not be strictly interpreted. Id. at 1280.

In Count I of the First Amended Complaint, plaintiff alleges that defendant, through its agents and managers, created a racially discriminatory hostile work environment in violation of Title VII by:

   a. Permitting racial animus to be expressed by co-workers with tacit approval of managers.

   b. Permitting expression of racial inequality stereotypes for the purpose of embarrassing and humiliating African American employees.

   c. Managing and disciplining [plaintiff] under different, more stringent criteria and standards than those imposed upon non-African American employees.

    d. Contriving ruses and schemes to create negative
       employment practices by African employees.

    e. Manager Goodlad and co-worker Latsch deliberately
       created a consistent pattern and practice of racial
       discrimination against [plaintiff] by coercing other
       employees to participate in their pattern and practice
       of discrimination.

    f. Manager Goodlad and co-worker Latsch deliberately
       created a consistent pattern and practice of racial
       discrimination against [plaintiff] by attempting to
       pressure her to resign.

(Doc. #28, ¶ 35.) Defendant asserts that plaintiff's claim exceeds the scope of the charge she filed with the EEOC to the extent that she is attempting to state a cause of action for pattern and practice discrimination. The Court disagrees.

Plaintiff's Charge of Discrimination states that she has been subjected to racial discrimination, including disparate treatment, harassment, a hostile work environment, and retaliation, for more than a year. (Doc. #31-1.) Although the factual allegations in the charge are scarce, plaintiff's claim of pattern and practice discrimination can reasonably be expected to grow out of an investigation of the continuous discrimination identified in the charge. This is not a case where the plaintiff is trying to assert a claim based on an unrelated type of discrimination, such as gender or age, rather, it is a case in which plaintiff's claim of pattern and practice discrimination amplifies the allegations in the charge of discrimination. Accordingly, the Court finds that the alleged pattern and practice of discrimination identified in

Count I does not exceed the scope of the charge plaintiff filed with the EEOC.

## B.    Failure to State a Claim

In order state a plausible claim for discrimination under Title VII and the FCRA,[1] plaintiff must allege that: (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees outside of her protected class more favorably than she was treated; and (4) she was qualified to do the job.  Burke-Fowler v. Orange Cnty., Fla., 447 F.3d 1319, 1323 (11th Cir. 2006). In order to state a claim for retaliation plaintiff must allege that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected activity.  Webb-Edwards v. Orange Cnty. Sheriff's Office, 525 F.3d 1013, 1028 (11th Cir. 2008) (citing Wideman v. Wal-Mart Stores, Inc., 141 F.3d 1453, 1454 (11th Cir. 1998)).  Defendant asserts that dismissal is warranted because plaintiff has failed to allege that she was subjected to adverse employment action.  The Court agrees.

In order to satisfy the adverse employment action element, the employee must show either an ultimate employment decision,

---

[1]FCRA claims are subject to the same analysis as Title VII claims.  Valenzuela v. GlobeGround North Am., LLC, 18 So.3d 17, 21 (Fla. 3d DCA 2009).

such as termination, failure to hire, or demotion, or, for conduct
that falls short of an ultimate employment decision, "*serious* and
*material* changes in the terms, conditions, or privileges of
employment." Hall v. Dekalb Cnty. Gov't, 503 F. App'x 781, 787
(11th Cir. 2013) (quoting Crawford v. Carroll, 529 F.3d 961, 970-
71 (11th Cir. 2008)).  The only allegations explicitly addressing
adverse employment action are found in Count II.  There, plaintiff
alleges that defendant retaliated against her by refusing her
request for vacation time, and entering a below standard
performance review.  This conduct does not amount to an ultimate
employment decision nor does it appear to amount to a serious and
material change in the terms, conditions, or privileges of
plaintiff's employment.  Without more, the Court cannot conclude
that plaintiff has stated a valid claim for relief.  See Barnett
v. Athens Reg'l Med. Center Inc., 550 F. App'x 711, 715 (11th Cir.
2013) (holding that negative evaluations and the denial of vacation
requests were not adverse employment actions because there was no
evidence these acts had any effect on the plaintiff's job status).

    Plaintiff also alleges that a consistent pattern and practice
of racial discrimination was used to pressure her to resign.
Plaintiff, however, has failed to allege if or how her employment
with defendant concluded.  Assuming plaintiff resigned, the Court
finds that plaintiff has failed to plausibly allege that she was
constructively discharged.  The threshold for establishing a

constructive discharge is quite high. "A constructive discharge occurs when a discriminatory employer imposes working conditions that are so intolerable that a reasonable person in the employee's position would have been compelled to resign." Fitz v. Pugmire Lincoln-Mercury, Inc., 348 F.3d 974, 977 (11th Cir. 2003) (citation and internal quotation marks omitted). The standard for proving constructive discharge is higher than the standard for proving a hostile work environment and the plaintiff must do more than merely show that she was subjected to actionable harassment. Hipp v. Liberty Nat. Life. Ins. Co., 252 F.3d 1208, 1231 (11th Cir. 2001).

To establish a hostile work environment, plaintiff must show harassing behavior "sufficiently severe or pervasive to alter the conditions of [her] employment." Pennsylvania State Police v. Suders, 542 U.S. 129, 133 (2004) (quoting Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986)). All of the circumstances must be considered when determining whether the allegedly discriminatory conduct is sufficiently severe or pervasive, including the conduct's "frequency[;] . . . its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Jones v. UPS Ground Freight, 683 F.3d 1283, 1299 (11th Cir. 2012) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)). To prove a constructive discharge, a plaintiff must demonstrate a greater severity or pervasiveness

of harassment than the minimum required to prove a hostile work environment.  Bryant v. Jones, 575 F.3d 1281, 1298 (11th Cir. 2009).

Here, the allegations do not demonstrate the severe and pervasive harassment required to plausibly allege constructive discharge.  Because plaintiff has failed to allege that she was subjected to an ultimate employment decision or a serious and material change in the terms, conditions, and privileges of her employment, the First Amended Complaint will be dismissed without prejudice.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #31) is **GRANTED** and the First Amended Complaint is **dismissed without prejudice** to filing a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of July, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record